UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OMAR MINUS,

                Plaintiff,

- against -

THE PEOPLE OF THE STATE OF
NEW YORK,

                Defendants.

**ORDER**

15 Civ. 1547 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        On March 3, 2015, pro se Petitioner Omar Minus filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254. (Dkt. No. 1) On March 9, 2015, this Court referred the petition to Magistrate Judge Kevin Fox for a Report and Recommendation ("R&R"). (Dkt. No. 2) On April 1, 2015, Judge Fox issued an Order directing Petitioner to show cause why this case should not be dismissed for lack of subject matter jurisdiction, because Petitioner was not in custody at the time the petition was filed. (Dkt. No. 4) On July 1, 2017, Petitioner filed a response to Judge Fox's Order. (Dkt. No. 8) On July 14, 2015, Judge Fox issued an R&R recommending that this Court dismiss the petition for lack of subject matter jurisdiction. (Dkt. No. 9) On August 5, 2015, Petitioner filed objections to the R&R. (Dkt. No. 10) For the reasons stated below, this Court will adopt Judge Fox's R&R.

## DISCUSSION

### I.    STANDARD OF REVIEW

        In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, a timely objection has been made to a magistrate judge's R&R,

the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 7 Civ. 6865 (LTS), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (citation and internal quotation marks omitted)).

## II. JUDGE FOX'S ORDER TO SHOW CAUSE

In Judge Fox's April 1, 2017 Order, he directs Petitioner to "file an affirmation showing cause why the petition should not be denied for lack of subject matter jurisdiction because he is not in custody or as time-barred." (Order (Dkt. No. 4) at 5) Judge Fox notes that Petitioner states in his petition that he is not "in custody," which is a requirement for habeas corpus relief. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) ("[T]he habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed.") Judge Fox further notes that the judgment of conviction in Petitioner's case was entered on June 24, 2005 and became final on September 27, 2007. (Order (Dkt. No. 4) at 3) Given that the petition was not filed until "March 3, 2015, more than seven years and five months after his conviction became final," Judge Fox expresses concern that the petition may be time-barred. (Id.) Accordingly, Judge Fox ordered Petitioner to submit an affirmation within sixty days

2

addressing (1) whether he was "in custody" pursuant to the 2005 conviction at the time he filed the petition; and (2) why his petition should not be dismissed as time-barred. (Id. at 4-5)

Petitioner's response (Dkt. No. 8) does not address either issue. Instead, Petitioner merely asserts that his constitutional rights were violated by the state prosecution, and attaches documents from that case, including the indictment, a bill of particulars, the complaint, a prior felony statement, and defense counsel's pretrial motions. (Id.) As Judge Fox states:

> The [P]etitioner submitted his affirmation in which he asserts constitutional violations in connection with his June 24, 2005 judgment of conviction, without providing information to establish that he is in custody for the purpose of the instant petition. "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). . . . The [P]etitioner failed to establish that he was in custody when he filed the instant petition. As a result, no jurisdiction exists to entertain the petition.

(R&R (Dkt. No. 9) at 1-2) Accordingly, Judge Fox recommends that the Petition be dismissed for lack of subject matter jurisdiction.

### III. PETITIONER'S OBJECTIONS

On August 5, 2015, Petitioner filed objections to Judge Fox's R&R. (Dkt. No. 10) In his objections, Petitioner states that he "was released from [his] confin[e]ment [on] Sept[ember] 24th, 2008 from the criminal case mentioned." (Pet. Obj. (Dkt. No. 10) at 1) Petitioner further confirms that, at the time he filed the petition, he "was not confined or in any state or federal custody." (Id.) Petitioner thus confirms the factual basis upon which Judge Fox recommends that the petition be dismissed. Petitioner's remaining objections address alleged constitutional errors that occurred at his trial, and do not address the issue of subject matter jurisdiction. (Id.)

3

## IV. ANALYSIS

According to Petitioner's objections to the R&R, he was released from custody on September 24, 2008. (Id.) The petition was not filed until March 3, 2015, however. Acknowledging that parole or supervised release may satisfy the "in custody" requirement, see Maleng, 490 U.S. 488 at 491 ("Our interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus. In Jones v. Cunningham, 371 U.S. 236[] (1963), for example, we held that a prisoner who had been placed on parole was still 'in custody' under his unexpired sentence."); Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., Santa Clara Cty., California, 411 U.S. 345, 348 (1973) ("[A] person released on parole is 'in custody' for purposes of the district courts' habeas corpus jurisdiction."), there is no evidence here that Petitioner was under any form of parole or supervised release after his September 24, 2008 release. Even assuming arguendo that Petitioner's sentence included some component of parole or supervised release, it is reasonable to assume – given Petitioner's release on September 24, 2008 – that any such term would have expired before March 3, 2015. Accordingly, this Court agrees with Judge Fox that Petitioner was not "in custody" at the time he filed the Petition, and that this Court lacks subject matter jurisdiction.

4

## CONCLUSION

For the reasons stated above, Judge Fox's Report & Recommendation is adopted in its entirety, and the petition is dismissed for lack of subject matter jurisdiction.

The Clerk of Court is directed to close this case, and to mail a copy of this Order via certified mail to pro se Petitioner Omar Minus, 1564 White Plains Rd., Bronx, NY 10462.

Dated: New York, New York
May 7, 2019

SO ORDERED.

*[signature]*
Paul G. Gardephe
United States District Judge

5